UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDMUNDO TELLES**,

    Plaintiff,

v.                                                           Civ. No. 10-1088 /DJS

**INTERNAL REVENUE SERVICE,**

    Defendant.

**ORDER GRANTING IFP and**
**REQUIRING THE FILING OF AN AMENDED COMPLAINT[1]**

THIS MATTER comes before the Court on *pro se* Plaintiff Edmundo Telles' *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*, filed November 15, 2010 [Doc. ] ("Motion for IFP"). The Court also is obliged to screen Telles' case under 28 U.S.C. §§ 1915(a) and (e). *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). For the reasons stated below, the Motion for IFP will be granted, and Telles shall be required to file an amended complaint that corrects certain deficiencies.

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. To support his motion to proceed IFP, Telles must show that he is unable to pay filing fees and still provide himself "with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Within fourteen (14) days after a party is served with a copy of this Order, that party may, pursuant to 28 U.S.C. § 636(b)(1), request reconsideration by the district judge. A party must file any request for reconsideration within the fourteen-day period if that party wants to have appellate review of the Order. If no request for reconsideration is filed, no appellate review will be allowed.

It appears from the Motion for IFP that Telles meets the standard because his expenses for necessities exceed his income. Accordingly, the Motion for IFP will be granted.

The case should not proceed, however, nor should free process be ordered until several deficiencies are corrected. First, Telles has named the wrong defendant. Reading the Complaint and attachments liberally, it appears that Telles seeks a refund of federal income taxes from 1998. He has named the Internal Revenue Service as the defendant. However, the only proper party defendant in a suit for refund of federal taxes is the United States of America. *Niewald v. I.R.S.*, No. 95-3207, 73 F.3d 373, 1996 WL 5551, *1 (10th Cir. Jan. 8, 1996) (unpublished).

Furthermore, the Complaint was filed on a form designated for civil rights actions arising under 42 U.S.C. § 1983. However, because the Complaint includes no allegation that the defendant is a state actor or acted "under color of state law," it "fail[s] to state a federal claim or invoke federal subject-matter jurisdiction as a § 1983 action." *Blythe v. Southwest Airlines Co.*, No. 10-2047, 383 F.App'x 766, 768 (10th Cir. 2010) (unpublished). It appears, rather, that federal jurisdiction arises under 28 U.S.C. § 1346(a)(1) (providing that district courts have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected. . . ."). The amended complaint should allege the proper jurisdictional basis for Tellez' claims.

An amended complaint also should specifically allege whether and how Telles has exhausted his administrative remedies prior to filing suit. *Dzula v. United States*, 349 F.App'x 335, 338 (10th Cir. 2009) (unpublished) (filing a proper administrative claim is a jurisdictional prerequisite). Finally, the attachments to the complaint contain Telles' social security number and other confidential information that should be redacted before filing. Fed.R.Civ.P. 5.2.

Within fourteen days from the date of this Order, Telles shall file an amended complaint that

corrects these deficiencies. The Court will order the original complaint [Doc. 1] sealed upon the filing of an amended complaint. If Telles fails to file an amended complaint, the Court will recommend that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of deficient complaints that have been filed without prepayment of filing fees is now mandatory).

**IT IS ORDERED** that the Motion to proceed IFP [Doc. 2] is GRANTED;

**IT IS FURTHER ORDERED** that Telles shall, within fourteen days from the date of this Order, file an amended complaint that corrects the deficiencies identified above.

_____
DON J. SVET
United States Magistrate Judge